# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 6:14-CR-47-JDK |
| vs. § | |
| § | |
| § | |
| § | |
| CHRISTIAN DREW PONCE (1) § | |
| § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On August 8, 2023, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Bank Robbery, a Class B felony, Defendant Christian Drew Ponce was sentenced on September 16, 2015 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 25 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of IV, was imprisonment for 84 to 105 months. Defendant was sentenced to imprisonment for 105 months, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, restitution, no new lines of credit, no gambling, drug abuse treatment and testing, mental health treatment and a $100 special assessment.

1

The case was reassigned to United States District Judge Jeremy D. Kernodle on February 26, 2019. Defendant's conditions of supervised release were modified on May 18, 2022 to include the condition that he reside in a Residential Reentry Center for a period of 120 days. Defendant completed his term of imprisonment and started his term of supervised release on July 21, 2022.

*Allegations*

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on March 31, 2023, United States Probation Officer Andrea Van Ness alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on July 25, 2022 for the offense of Assault Family/Household Member with Previous Conviction, a 3rd degree felony. Defendant pled guilty on February 14, 2023 in the 475th Judicial Court, Smith County, Texas, and was sentenced to five years in the Texas Department of Criminal Justice, Cause #475-0054-23.

2. **Allegation 2 (special condition): The defendant must reside in a Residential Reentry Center or similar facility, in a community corrections component, for a period of 120 days to commence immediately. The defendant shall abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prison's guidelines.** It is alleged that Defendant was discharged from the County Rehabilitation Center on July 25, 2022 after refusing a breathalyzer and allegedly assaulting another resident.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the

maximum imprisonment sentence that may be imposed is 3 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by committing the offense of Assault Family/Household Member with Previous Conviction, a 3rd degree felony, as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The guidelines provide that Defendant's guideline imprisonment range for a Grade A violation is 24 to 30 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by being unsuccessfully discharged from the residential reentry center as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of IV, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 6 to 12 months.

### *Hearing*

On August 8, 2023, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of 12 months of imprisonment for this revocation followed by a 1-year term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

a recommendation to the Bureau of Prisons to confine him at FCI Memphis or, alternatively, FCI El Reno.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 12 months of imprisonment followed by a 1-year term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 12 months of imprisonment followed by a 1-year term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Memphis or, alternatively, FCI El Reno.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to 12 months of imprisonment followed by a 1-year term of supervised release.

So ORDERED and SIGNED this 8th day of August, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE